(No. 25480.—

THE PEOPLE *ex rel.* ROBERT R. ERSKINE, Appellant, *vs.*
EDWARD J. HUGHES, Secretary of State, Appellee.

*Opinion filed February 21, 1940.*

MICHAEL F. RYAN, for appellant.

JOHN E. CASSIDY, Attorney General, (MONTGOMERY S.
WINNING, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The issue in this case concerns the veto power of the
Governor. The cause is here on appeal by the relator from
a judgment of the superior court of Cook county dismissing
a petition for a writ of *mandamus* to compel the Secretary
of State to authenticate and publish as a law House Bill
No. 746, providing for an annuity and benefit fund for
State employees.

The bill in controversy was passed by the Sixty-first
General Assembly on June 27, 1939. On June 30, 1939,
by joint resolution, the General Assembly adjourned *sine die.*
After being engrossed, enrolled, examined and compared,
it was signed by the presiding officer of each house, and

presented to the Governor on July 8, 1939. The Governor accepted the bill and filed it, with his objections, in the office of the Secretary of State on July 20, 1939, which was within ten days, Sundays excepted, after it was presented to him.

Appellant contends the bill became a law because, under section 16 of article 5 of the constitution, the Governor had no right to veto it more than ten days after adjournment of the General Assembly. The same issue was presented to this court in the consolidated cases of *People* v. *Hughes*, 372 Ill. 602, and was decided adversely to appellant's contention at the December, 1939, term.

Section 21 of article 4 of the constitution of 1848 provided that if any bill shall not be returned by the Governor to the house in which it originated within ten days (Sundays excepted) after presentation to him, it shall be a law in like manner as if signed by him, unless the General Assembly shall, by adjournment, prevent its return; in which case it shall be returned on the first day of the next meeting of the General Assembly after the expiration of such ten days, or be a law. The present constitutional provision is the same, except that when such return is prevented by adjournment, the bill shall be filed in the office of the Secretary of State within ten days after such adjournment, or become a law. It is argued that this change shows an intention of the framers of the present constitution to secure a speedy disposition of such bills and contemplated that all bills will be presented to the Governor before adjournment or forthwith thereafter. While the intended effect of the change in the constitutional provisions was not discussed in the two cases mentioned, appellant's contention is effectually disposed of by our holding in those cases that the present constitution does not require bills to be presented within the period claimed by appellant.

The argument that the Governor has the power to refuse to accept a bill presented to him after adjournment of the

General Assembly, while not considered or presented in the cases mentioned, is without merit. The constitution provides that every bill, before it becomes a law, shall be presented to the Governor. His only power is either to sign it, return it with his objections, or allow it to become a law by failure to return it within ten days after it is presented to him. He has no power to take any other action concerning such a bill. It necessarily follows that he has no discretion about receiving it when it is presented to him.

All other grounds for reversal by appellant are disposed of by the decisions in the cases mentioned.

The judgment of the superior court is affirmed.

*Judgment affirmed.*